1  SCOTT + SCOTT LLP
   Arthur L. Shingler III (181719)
2  600 B Street, Suite 1500
   San Diego, CA  92101
3  Tel.: 619/233-4565
   Fax: 619/233-0508
4
   SCOTT + SCOTT LLP
5  David R. Scott
   108 Norwich Avenue
6  P.O. Box 192
   Colchester, CT 06415
7  Tel.: 860/537-5537
   Fax.: 860/537-4432
8
9  *Counsel for Plaintiff Charles R. King*
10
11             UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| CHARLES R. KING, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | Case No. C 07-cv-06347-MHP |
| Plaintiff, | **PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN SUPPORT** |
| vs. | |
| DOUGLAS G. BERGERON, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. (PETE) HART, ROBERT B. HENSKE, EITAN RAFF, CHARLES R. RINEHART, COLLIN E. ROCHE, CRAIG A. BONDY, and BARRY ZWARENSTEIN, | Judge:  The Hon. Marilyn H. Patel |
| | Courtroom: 15 |
| Defendants, | **Hearing Date:  April 28, 2008** |
| -and- | **Hearing Time: 2:00 p.m.** |
| VERIFONE HOLDINGS, INC., | |
| NOMINAL DEFENDANT. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | |
| 2 | ARTHUR HILBORN, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | Case No. C 08-cv-01132-PVT |
| 3 | |
| 4 | Plaintiff, |
| 5 | vs. |
| 6 | DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES |
| 7 | C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, |
| 8 | CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and |
| 9 | BARRY ZWARENSTEIN, |
| 10 | Defendants, |
| 11 | -and- |
| 12 | VERIFONE HOLDINGS, INC., |
| 13 | NOMINAL DEFENDANT. |

| | |
|---|---|
| 14 | |
| 15 | ARUNBHAI PATEL, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | Case No. C 08-cv-01133-HRL |
| 16 | |
| 17 | Plaintiff, |
| 18 | vs. |
| 19 | DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES |
| 20 | C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, |
| 21 | CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and |
| 22 | BARRY ZWARENSTEIN, |
| 23 | Defendants, |
| 24 | -and- |
| 25 | VERIFONE HOLDINGS, INC., |
| 26 | NOMINAL DEFENDANT. |
| 27 | |
| 28 | PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN SUPPORT |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| MARY LEMMOND and WANDELL EVERETT, Derivatively on Behalf of VERIFONE HOLDINGS, INC., | Case No. C 08-cv-01301-RS |
| Plaintiff, | |
| vs. | |
| DOUGLAS G. BERGERON, BARRY ZWARENSTEIN, JESSE ADAMS, ISAAC ANGEL, ELMORE WALLER, COLLIN E. ROCHE, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, EITAN RAFF, WILLIAM G. ATKINSON, CRAIG A. BONDY, GTCR GOLDER RAUNER, LLC, and DOES 1-25, inclusive, | |
| Defendants, | |
| -and- | |
| VERIFONE HOLDINGS, INC., a Delaware Corporation | |
| NOMINAL DEFENDANT. | |

18      PLEASE TAKE NOTICE that on April 28, 2008 at 2:00 p.m., or as soon thereafter as the

19 matter may be heard, before the Honorable Marilyn H. Patel, United States District Judge, 450

20 Golden Gate Avenue, San Francisco, California, Courtroom 15, 18th Floor, Plaintiff Charles R.

21 King Fund  will move this Court for an order: (1) consolidating all pending and the later-

22 filed shareholder derivative actions filed on behalf of nominal defendant VeriFone Holdings, Inc.

23 ("VeriFone"); (2) appointing Charles R. King as Lead Plaintiff in the consolidated shareholder

24 derivative action; (3) appointing Plaintiff King's counsel, Scott + Scott, LLP as Lead Counsel in the

25 consolidated shareholder derivative action; and (4) setting schedule for the filing of a consolidate

26 derivative complaint and the responses by defendants, including any motions to dismiss.  Plaintiff

27 King's motion is supported by the following Memorandum, Declaration of Arthur L. Shingler III in

28

- 1 -

PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN SUPPORT

Support of Plaintiff Charles R. Kings' Motion to Consolidate Related Shareholder Derivative Actions and Appoint Lead Plaintiff and Lead Counsel ("Shingler Decl."), and [Proposed] Order Granting Plaintiff Charles R. King's Motion to Consolidate Related Shareholder Derivative Actions and Appoint Lead Plaintiff and Lead Counsel.

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION AND BACKGROUND

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiff Charles R. King moves for the consolidation of the following four shareholder derivative actions filed on behalf of VeriFone Holdings, Inc. ("VeriFone") pending in this Court:

| CASE NAME | CASE NO. | DATE ACTION FILED | JUDGE |
|-----------|----------|-------------------|-------|
| *King v. Bergeron, et al.* ("*King*") | C 07-6347-MHP | December 14, 2007 | Hon. Marilyn H. Patel |
| *Hilborn v. Bergeron, et al.* ("*Hilborn*") | C 08-1132-PVT | February 26, 2008 | Hon. Patricia V. Trumbull |
| *Patel v. Bergeron, et al.* ("*Patel*") | C 08-1133-HRL | February 26, 2008 | Hon. Howard R. Lloyd |
| *Lemmond, et al. v. VeriFone Holdings, Inc., et al.* ("*Lemmond*") | C 08-1301-RS | March 5, 2008 | Hon. Richard Seeborg |

Plaintiff seeks consolidation of these actions and any subsequently filed actions before Judge Marilyn H. Patel, before whom the low-numbered related action (*King v. Bergeron, et al.*, Case No. C 07-6347-MHP) is pending.[1]

---

[1]    On March 7, 2008, Plaintiff Charles R. King filed an administrative motion to relate *King v. Bergeron, et al.*, *Hilborn v. Bergeron, et al.*, and *Patel v. Bergeron, et al.*, which is currently pending before this Court. *See King v. Bergeron* Docket, Doc No. 8. A similar administrative motion to relate cases was filed in *Hilborn v. Bergeron, et al.*. On March 12, 2008, an administrative motion to relate the *Lemmond v. VeriFone Holdings, Inc., et al.* action was filed with the Court. *See id.*, Doc. No. 13. Accordingly, there should be no reasonable objection to consolidation of the derivative actions into one action.

PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN SUPPORT

1    The complaints in each of the above-listed actions concern allegations that certain directors

2    and officers of VeriFone breached their fiduciary duties by allowing:

3    the issuance of a series of false and materially misleading statements and omissions
      which: (i) deceived the investing public regarding VeriFone's business operations,

4    management and the intrinsic value of VeriFone common stock;  (ii) made it appear
      that VeriFone had adopted a Company-wide system of internal controls and

5    procedures to ensure that VeriFone's accounting and financial statements accurately
      reflected the true financial condition of the Company at all times during the Relevant

6    Period; (iii) enabled the Company to artificially inflate the price of VeriFone shares;
      and (iv) enabled VeriFone insiders to  sell millions of dollars of their privately held

7    VeriFone shares while in possession of material adverse non-public information
      about the Company.

8

9    *King*, Complaint, ¶ 2.  *Accord Hilborn*, Compl., ¶ 2, *Patel*, Complaint, ¶ 2;[2] and ¶ 2; *Lemmond*,

10   Complaint, ¶ 3.[3]  Thus, the actions involve common questions of law and fact concerning the alleged

11   fiduciary duty breaches and share substantially the same defendant parties, contain the same or

12   substantially the same similar factual allegations, allege the same or substantially the same causes of

13   action, and seek the same or substantially the same relief.

14   By this motion, Plaintiff Charles R. King requests that the Court: (1) consolidate the related

15   actions into an action captioned *In re VeriFone Holdings, Inc. Derivative Litigation*, bearing the

16   same case number as the King action – C 07-6743-MHP; (2) appoint Charles R. King as lead

17   shareholder derivative plaintiff; (3) appoint Scott + Scott LLP as lead counsel to prosecute the

18   consolidated plaintiffs' derivative action; and (4) set a schedule for the filing of a consolidated

19   complaint and for defendants' responses thereto, including a briefing schedule for any motions to

20   dismiss.

21   **II.    ARGUMENT**

22   **A.    Consolidating All Related Actions Promotes Judicial Economy.**

23   Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

24

25   _____

26   [2]    Aside from the named plaintiff, the Complaints in *Hilborn* and *Patel* are identical.

27   [3]    The *Hilborn*, *Patel*, and *Lemmond* Complaints are attached as Exhibits 1 to 3 to Shingler
      Decl.

28
      PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER
      DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN
      SUPPORT

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact and the court finds that consolidation would avoid unnecessary costs or delay. *See Hacker v. Peterschmidt*, No. 06 Civ. 3468, 2006 WL 2925683 at *2 (N.D.Cal., Oct. 12, 2006); *Miller v. Ventro Corp.*, No. 01 Civ 1287., 2001 WL 34497752 at * 2 (N.D.Cal. Nov. 28, 2001) (citations omitted) ("The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact."). The rule is invoked to expedite the trial and eliminate unnecessary repetition and confusion. *See Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 774 (9th Cir.1977). This District Court has the broad discretionary authority under Fed. R. Civ. P. 42(a) to consolidate cases. *See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal .,* 877 F.2d 777, 777 (9th Cir.1989); *See also Paxonet Communications, Inc. v. TranSwitch Corp.* 303 F.Supp.2d 1027, 1028-29 (N.D.Cal. 2003) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir.1987) ("Consolidation is within the broad discretion of the district court.")).

The purpose of consolidation is judicial economy, efficiency and conservation of the parties' financial resources. Consolidation inures to the benefit of all parties involved in the various actions and such a procedure has been frequently utilized in complex multi-party action.

The Second Circuit interpreted [Federal Rule of Civil Procedure 42(a)] in *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir.1958), holding that a district court may consolidate multiple derivative actions... The Ninth Circuit followed *MacAlister* in *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir.1977), noting that "[t]he benefits achieved by consolidation and the appointment of general counsel, i.e. elimination of duplication and repetition and in effect the creation of a coordinator through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." *Vincent*, 557 F.2d at 774 (citing *Guterma*, 263 F.2d at 69).

*Lee ex rel Coherent, Inc. v. Ambroseo*, No. 07 Civ.0955, 2007 WL 1558565 at * 2 (N.D.Cal. May 29, 2007); *See also Mohanty v. BigBand Networks, Inc.,* No. 07 Civ. 5101, 2008 WL 426250 at * 3 (N.D.Cal., Feb. 14, 2008) (citations omitted); *In re Equity Funding Corp. of Am. Sec. Litig.,* 416

PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN SUPPORT

1  F.Supp. 161, 176 (C.D.Cal.1976).  Therefore, consolidation of the pending shareholder derivative

2  actions is appropriate.

3        Furthermore, consolidation of any later filed similar shareholder derivative actions brought

4  on behalf of VeriFone is also appropriate.  In a similar situation where there were substantially

5  identical actions ultimately filed, the court there stated:

6        where the complaints are based on the same 'public statements and reports'
        consolidation is appropriate if there are common questions of law and fact and the
7        defendants will not be prejudiced.

8  *Wenderhold v. Cylink Corp*. 188 F.R.D. 577, 583 (N.D.Cal. 1999) (citations omitted).  Under Fed. R.

9  Civ. P. 42(a) all that is required is that the actions involved "a common question of law or fact."

10        "Consolidation pursuant to Rule 42(a) is a well-established method of promoting judicial

11  economy and convenience." *Roberts v. Heim,* No. 84 Civ 8069, 1989 WL 80403 at * 1 (N.D.Cal.

12  March 22, 1989).  Courts have recognized that consolidating multi-party complex litigation during

13  the pretrial stages pursuant to Fed. R. Civ. P. 42(a) benefits both the court and the parties by

14  expediting pretrial proceedings, avoiding duplication, avoiding harassment of parties and witnesses,

15  and minimizing the expenditure of time and money by all persons concerned.  *Erikson v.*

16  *Cornerstone Propane Partners LP*, No. 03 Civ. 2522, 2003 WL 22232387 at *2 (N.D. Cal, Sept. 15,

17  2003); *See also MacAlister*, 263 F.2d at 68.

18        Consolidation promotes trial convenience and economy in administration.  Toward this end,

19  Fed. R. Civ. P. 42(a) specifically confers the authority to "make such orders concerning proceedings

20  therein as may tend to avoid unnecessary costs or delay."  An order consolidating actions during the

21  pretrial stages, together with the appointment of a leadership structure for plaintiffs, may in many

22  instances prove the only effective means of channeling the effort of counsel along constructive lines.

23  *See Peterschmidt*, No. 06 Civ. 3468, 2006 WL 2925683 at *5 ("If the full efficiency of consolidating

24  these actions is to be realized, the Court must select a limited number of lead plaintiffs and counsel.

25  Four actions are being consolidated here; it seems somewhat counterproductive to maintain three

26  lead plaintiffs…and their counsels.").  Moreover, consolidating multiple related actions streamlines

27  and simplifies pretrial motions, discovery management, and clerical and administrative management,

28

PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN
SUPPORT

1    and generally reduces confusion and delay that would be brought by prosecuting related cases of this

2    nature separately. *See Vincent*, 557 F.2d at 774; *See also City of Harper Woods Employees*

3    *Retirement System v. AXT, Inc.*, No.04 Civ. 04362, 2005 WL 318813 at \*3 (N.D.Cal. Feb. 07, 2005)

4         Here, the four shareholder derivative actions filed on behalf of VeriFone currently pending

5    before this Court present virtually identical factual and legal issues, involve the substantially same

6    defendants and will involve the same discovery.  Accordingly, consolidation is appropriate.

7    **B.     The Court Should Appoint Plaintiff Charles R. King As Lead Plaintiff And
             Scott + Scott, LLP As Lead Counsel.**

8

9         In complex cases such as this one, it is well established that the court may appoint a plaintiff

10   leadership structure to coordinate the prosecution of complex litigation. *Lee ex rel Coherent, Inc.*,

11   2007 WL 1558565 at \* 2; *Vincent*, 557 F.2d at 774-75.  Likewise, the utility in appointing lead

12   counsel in complex actions such as this one is well recognized.  As stated by one court:

13        The benefits achieved by consolidation and the appointment of general counsel, *i.e.*,
          elimination of duplication and repetition and in effect the creation of a coordinator of
14        diffuse plaintiffs through whom motions and discovery proceedings will be
          channeled, will most certainly redound to the benefit of all parties to the litigation.
15        The advantages of this procedure should not be denied litigants in the federal courts
          because of misapplied notions concerning interference with a party's right to his own
16        counsel.

17   *MacAlister*, 263 F.2d at 69; *See also Vincent*, 557 F.2d at 774 (citing *MacAlister,* 263 F.2d at 69).  In

18   addition, the *Manual for Complex Litigation, Fourth* ("MCL 4th") recognizes the benefits of

19   promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation.

20   *See* MCL 4th §10.22.

21        Rule 23.1 of the Federal Rule of Civil Procedure provides that a plaintiff in a shareholders'

22   derivative action must "fairly and adequately represent the interests of the shareholders or members

23   similarly situate in enforcing the right of the corporation or association."  "Factors courts have

24   considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held

25   shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel;

26   and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment."

27   *Brown v. Kelly*, No. C 06-04671 JW, 2006 WL 3411868, at \*1 (N.D. Cal. Nov. 27, 2006).

28

- 6 -

PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN
SUPPORT

1    Plaintiff Charles R. King requests his appointment as lead plaintiff.  Plaintiff King has held

2    shares of VeriFone during the time period at issue in this litigation.  *King*, Complaint, ¶ 11.  Plaintiff

3    King currently owns shares in VeriFone.  *Id.*  As shown below, Plaintiff King is represented by

4    capable and experienced counsel.  And Plaintiff King is not subject to any unique defenses.

5    Moreover, Plaintiff King filed his action on behalf of VeriFone on December 14, 2007 – over 2

6    months before the substantially similar *Hilborn*, *Patel* and *Lemmond* actions were filed.

7    Plaintiff King also requests that the Court appoint his counsel, Scott + Scott, as derivative

8    plaintiff's lead counsel.  Scott + Scott possesses a vast amount of experience in litigating complex

9    shareholder derivative actions and has demonstrated a high level of professionalism in securing a

10   number of significant recoveries in the recent past.  *See* Shingler Decl., ¶ 6, Ex. 4 (Resume of Scott +

11   Scott).  As but one example, Scott + Scott secured a major settlement for Lattice Semiconductor

12   Corporation in *In re Lattice Semiconductor Corp. Deriv. Litig.*, Case No. C 043327CV (Cir. Ct..

13   Oregon).  Shingler Decl., ¶ 7.  This settlement was significant not only in monetary terms, but also in

14   the reforms that the recovery initiated, including termination of the then CEO, termination and

15   adoption of significant changes to the company's auditing, insider trading, executive compensation

16   and other internal practices.  *Id.*  Scott + Scott was similarly instrumental in negotiating critical

17   changes to Lattice's Board independence, selection and accountability.  *Id.*

18   Moreover, Scott + Scott has been  responsible for negotiating other significant shareholder

19   derivative settlement in the 9th Circuit, including *Knowles et al v. Yuen et al*, Case No. 2:02-cv-8440

20   (C.D. Ca.), which was a derivative action brought on behalf of Gemstar TV Guide Incorporated.

21   Shingler Decl., ¶ 8.  In that settlement, Scott + Scott worked diligently and cooperatively with the

22   Securities and Exchange Commission to successfully stop severance payments to executives under

23   principles of equity and applicable provisions of the Sarbanes-Oxley Act. *Id.*  Ultimately, substantial

24   reforms to Gemstar's corporate governance were effected through the settlement that Scott + Scott

25   negotiated on the shareholder's behalf, including a reconstituted board with increased size, mandated

26   independence for two-thirds of the board as a whole and creation of a Lead Independent Director.

27   *Id.*

28
                                                                                                    - 7 -

1    Additionally, Scott + Scott possesses a substantial amount of complex litigation experience

2   nationwide, actively prosecuting and litigating complex securities fraud class actions, employee

3   retirement cases under the Employee Retirement Income Security Act, antitrust cases, consumer

4   rights matters, and human rights litigation.  To date, Scott + Scott has recovered hundred of millions

5   of dollars in settlements and awards for injured shareholders and consumers.  Shingler Decl., ¶ 9.

6    Furthermore, Scott + Scott has a proven track record for excellent cooperation and

7   communication in the prosecution of its complex litigation.  Scott + Scott is a firm that was founded

8   by alumni of larger firms, with the goal of providing an environment more conducive to cooperative

9   achievement.  To that end, Scott + Scott strongly encourages clients, peers and adversaries alike to

10  communicate openly, often and early in the litigation process so as to avoid any unnecessary waste

11  of time or delay.

12    Appointment of Plaintiff Charles R. King's proposed leadership structure serves to efficiently

13  coordinate all plaintiffs' common interests in prosecuting the action, while streamlining the

14  proceedings and avoiding duplicative and unproductive effort.  Plaintiff King and his counsel Scott +

15  Scott are committed to streamlined, coordinated, and effective litigation.  And, as shown above,

16  Scott + Scott is highly competent and has extensive complex litigation experience including the

17  prosecution of numerous shareholder derivative actions.  In short, Scott + Scott has a proven record

18  of providing skilled and efficient case management in both complex and shareholder derivative

19  actions and should be appointed lead counsel for the derivative shareholder litigation.

20  **C.  The Court Should Set Schedule For The Filing of a Consolidated Derivative
    Complaint.**

21

22    In addition to consolidating the related shareholder derivative actions filed on behalf of

23  VeriFone, the Court should set a schedule for plaintiffs to file a consolidated complaint and for

24  defendants to respond, including a briefing schedule in the event that defendants file any motions,

25  such as a Rule 12 motion to dismiss, in response to the consolidated complaint.  A consolidated

26  complaint will provide plaintiffs with the opportunity to reconcile any current differences between

27  the pending complaints.  Plaintiff proposes the following schedule:

28
                                                                                          - 8 -

1.     Plaintiff shall file a consolidated complaint within forty-five (45) days of the entry of the Court's Order consolidating the derivative actions;

2.     Defendants shall file their responses; including any motions to dismiss, within forty-five (45) days of the filing and service of the consolidated complaint;

3.     Plaintiff shall file his opposition to defendants' motion(s) within forty-five (45) days of filing and service; and

4.     Defendants shall file their replies, if any, to plaintiff's opposition within fifteen (15) days after service of the opposition.

## III.   CONCLUSION

In the interest of judicial economy and for the reasons set forth herein, Plaintiff Charles R. King respectfully requests that the Court order consolidation of all present and subsequently filed related actions, appoint him as shareholder derivative plaintiff and his counsel, Scott + Scott, as lead counsel for the actions, and set schedule for the filing of a consolidate derivative complaint and the responses by defendants thereto.

Dated:  March 18, 2008             Respectfully submitted,

/s/ Arthur L. Shingler III
Arthur L. Shingler III
SCOTT + SCOTT, LLP
600 B Street, Suite 1500
San Diego, CA  92101
Telephone:  (619) 233-4565
Facsimile:  (610) 233-0508
Email: ashingler@scott-scott.com

David R. Scott
SCOTT + SCOTT, LLP
108 Norwich Avenue
P. O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:  (860) 537-4432
Email:  drscott@scott-scott.com

*Counsel for Derivative Plaintiff*
*Charles R. King*

- 9 -

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on March 18, 2008, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system that will send notification of such a filing to the email addresses

4  denoted on the attached Electronic Mail Notice List for Case No. 3:07-cv-06140-MHP, and I hereby

5  certify that I have mailed the foregoing document via the United States Postal Service to the non-

6  CM/ECF participants indicated on the attached Manual Notice Lists for Case No. 5:08-cv-01133-

7  HRL and Case No. 5:08-cv-01132-PVT and 5:08-cv-01301-RS.

8       I certify under penalty of perjury under the laws of the United States of America that the

9  forgoing is true and correct. Executed on March 18, 2008.

10

11

12

13                                                              /s/Arthur L. Shingler III

                                                         ARTHUR L. SHINGLER III

14

15                                     SCOTT + SCOTT LLP

                                       600 B Street, Suite 1500

16                                     San Diego, CA 92101

                                       Tel.: (619) 233-4565

17                                     Fax: (619) 233-0508

18

19

20

21

22

23

24

25

26

27

28

- 10 -

PLAINTIFF CHARLES R. KING'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND INCORPORATED MEMORANDUM IN
SUPPORT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MANUAL MAILING LIST**

Francis A. Bottini, Jr.
Derek J. Wilson
JOHNSON BOTTINI, LLP
655 West Broadway, Suite 1400
San Diego, CA  92101

Nichole Browning
L. Timothy Fisher
SCHIFFRIN BARROWAY TOPAZ &
KESSLER LLP
2125 Oak Grove Road
Sutie 120
Walnut Creek, CA  94598

Eran Rubinstein
Susan Boltz Rubinstein
11 Grace Avenue
Suite 306
Great Neck, NY  11021

James H. Miller
Eric L. Zagar
SCHRIFFRIN BARROWAY TOPAZ &
KESSLER,LLP
280 King of Prussia Road
Radnor, PA  19087

- 11 -

1  SCOTT + SCOTT LLP
   Arthur L. Shingler III (181719)
2  600 B Street, Suite 1500
   San Diego, CA  92101
3  Tel.: 619/233-4565
   Fax: 619/233-0508
4
   SCOTT + SCOTT LLP
5  David R. Scott
   108 Norwich Avenue
6  P.O. Box 192
   Colchester, CT 06415
7  Tel.: 860/537-5537
   Fax.: 860/537-4432
8
9  *Counsel for Plaintiff Charles R. King*
10
11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| CHARLES R. KING, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | Case No. C 07-cv-06347-MHP |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF CHARLES R. KING'S MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL** |
| vs. | |
| DOUGLAS G. BERGERON, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. (PETE) HART, ROBERT B. HENSKE, EITAN RAFF, CHARLES R. RINEHART, COLLIN E. ROCHE, CRAIG A. BONDY, and BARRY ZWARENSTEIN, | Judge:  The Hon. Marilyn H. Patel |
| | Courtroom: 15 |
| Defendants, | **Hearing Date:  April 28, 2008** |
| -and- | **Hearing Time:  2:00 p.m.** |
| VERIFONE HOLDINGS, INC., | |
| NOMINAL DEFENDANT. | |

| | |
|---|---|
| 1 | |
| 2 | ARTHUR HILBORN, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., |
| 3 | |
| 4 | Plaintiff, |
| 5 | vs. |
| 6 | DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES |
| 7 | C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, |
| 8 | CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and |
| 9 | BARRY ZWARENSTEIN, |
| 10 | Defendants, |
| 11 | -and- |
| 12 | VERIFONE HOLDINGS, INC., |
| 13 | NOMINAL DEFENDANT. |

Case No. C 08-cv-01132-PVT

| | |
|---|---|
| 14 | |
| 15 | ARUNBHAI PATEL, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., |
| 16 | |
| 17 | Plaintiff, |
| 18 | vs. |
| 19 | DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES |
| 20 | C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, |
| 21 | CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and |
| 22 | BARRY ZWARENSTEIN, |
| 23 | Defendants, |
| 24 | -and- |
| 25 | VERIFONE HOLDINGS, INC., |
| 26 | NOMINAL DEFENDANT. |
| 27 | |
| 28 | |

Case No. C 08-cv-01133-HRL

PROPOSED] ORDER GRANTING PLAINTIFF CHARLES R. KING'S MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

| | |
|---|---|
| MARY LEMMOND and WANDELL EVERETT, Derivatively on Behalf of VERIFONE HOLDINGS, INC., | Case No. C 08-cv-01301-RS |
| Plaintiff, | |
| vs. | |
| DOUGLAS G. BERGERON, BARRY ZWARENSTEIN, JESSE ADAMS, ISAAC ANGEL, ELMORE WALLER, COLLIN E. ROCHE, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, EITAN RAFF, WILLIAM G. ATKINSON, CRAIG A. BONDY, GTCR GOLDER RAUNER, LLC, and DOES 1-25, inclusive, | |
| Defendants, | |
| -and- | |
| VERIFONE HOLDINGS, INC., a Delaware Corporation | |
| NOMINAL DEFENDANT. | |

Upon consideration of Plaintiff Charles R. King's Motion to Consolidate Related Shareholder Derivative Actions and Appoint Lead Plaintiff and Lead Counsel, and any responses thereto, and good cause appearing therefore, it is hereby ORDERED as follows:

## I.    CONSOLIDATION OF ACTIONS

1.    The following actions are consolidated pursuant to Rule 42(a) of the Federal Rule of Civil Procedure for all purposes, including pretrial proceedings, trial and appeal :

| CASE NAME | CASE NO. | DATE ACTION FILED | JUDGE |
|---|---|---|---|
| *King v. Bergeron, et al.* | C 07-6347-MHP | December 14, 2007 | Hon. Marilyn H. Patel |
| *Hilborn v. Bergeron, et al.* | C 08-1132 PVT | February 26, 2008 | Hon. Patricia V. Trumbull |

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFF CHARLES R. KING'S MOTION TO CONSOLIDATE    RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

| | | | |
|---|---|---|---|
| *Patel v. Bergeron, et al.* | C 08-1133 HRL | February 26, 2008 | Hon. Howard R. Lloyd |
| *Lemmond, et al. v. VeriFone Holdings, Inc., et al.* | C 08-1301-RT | March 5, 2008 | Hon. Richard Seeborg |

2.     The caption of these consolidated actions shall be "*In re VeriFone Holdings, Inc. Derivative Litigation*" and the files of these consolidated actions shall be maintained in one file under Master File No. C 07-6347-MHP.  Any other actions now pending or later filed in this Court which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes, if and when they are brought to the Court's attention.

3.     Every pleading filed in the consolidated actions, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. DERIVATIVE LITIGATION | Master File No. C 07-cv-6347-MHP |
| This Document Relates To: | |

4.     When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the abbreviated case name of said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

5.     A Master Docket and a Master File hereby are established for the above consolidated proceedings and for all other related cases filed in or transferred to this Court. Separate dockets shall continue to be maintained for each of the individual actions hereby consolidated, and entries shall be

[PROPOSED] ORDER GRANTING PLAINTIFF CHARLES R. KING'S MOTION TO CONSOLIDATE    RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

1  made in the docket of each individual case in accordance with the regular procedures of the clerk of

2  this Court, except as modified by this Order.

3      6.    When a pleading is filed and the caption shows that it is applicable to "All Actions,"

4  the clerk shall file such pleading in the Master File and note such filing on the Master Docket. No

5  further copies need be filed, and no other docket entries need be made.

6      7.    When a pleading is filed and the caption shows that it is to be applicable to fewer than

7  all of the consolidated actions, the clerk will file such pleading in the Master File only but shall

8  docket such filing on the Master Docket and the docket of each applicable action.

9      8.    When a case which properly belongs as part of *In re VeriFone Holdings, Inc.*

10 *Derivative Litigation* is filed in this Court or transferred to this Court from another court and

11 assigned to this Court, the clerk of this Court shall:

12      (a)    Place a copy of this Order in the separate file for such action;

13      (b)    Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case

14          a copy of this Order and direct that this Order be served upon or mailed to

15          any new defendant(s) or their counsel in the newly-filed or transferred case;

16          and

17      (c)    Make an appropriate entry on the Master Docket. This Court requests the

18          assistance of counsel in calling to the attention of the clerk of this Court the

19          filing or transfer of any case which properly might be consolidated as part of

20          *In re VeriFone Holdings, Inc. Derivative Litigation.*

21 **II.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

22      9.    Charles R. King shall be appointed Lead Plaintiff.

23      10.    The law firm of Scott + Scott, LLP shall be appointed Lead Counsel for plaintiffs in

24 the consolidated VeriFone shareholder derivative actions.

25      11.    Lead Counsel shall have authority to speak for plaintiffs in matters regarding pretrial

26 and trial procedure and settlement negotiations, and shall make all work assignments in such manner

27

28

- 3 -

[PROPOSED] ORDER GRANTING PLAINTIFF CHARLES R. KING'S MOTION TO CONSOLIDATE    RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

1  as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or

2  unproductive effort.

3      12.    Lead Counsel shall be responsible for coordination of all activities and appearances

4  on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion,

5  request for discovery or other pretrial proceedings shall be initiated or filed by plaintiffs except

6  through Lead Counsel.

7      13.    Lead Counsel also shall be available and responsible for communications to and from

8  this Court. Lead Counsel shall be responsible for the creation and maintenance of a master service

9  list of all parties and their respective counsel.

10     14.    Defendants' counsel may rely upon all agreements made with Lead Counsel, or other

11  duly authorized representatives of plaintiffs, and such agreements shall be binding on plaintiffs.

12  **III.    SCHEDULE**

13     15.    Lead Plaintiff shall no later than forty-five (45) days from the entry of this Order file

14  and serve a Consolidated Complaint which will supersede all existing complaints filed in these

15  actions.  Defendants need not respond to any of the pre-existing complaints.

16     16.    Defendants shall answer or otherwise respond to the Consolidated Complaint no later

17  than forty-five (45) days from the date of service.

18     17.    In the event Defendants filed any motion in response to the Consolidated Complaint,

19  including any motion under Rule 12 of the Federal Rules of Civil Procedure, Lead Plaintiff shall file

20  and serve his opposition within forty-five (45) days after the service of the motion.

21     18.    Defendants shall file any reply to Lead Plaintiff's opposition within fifteen (15) days

22  after service of the opposition.

23  **IT IS SO ORDERED**

24

25  Dated:_____

26                                          _____
                                            Hon. Marilyn H. Patel
                                            United States District Judge

27

28                                                                              - 4 -

[PROPOSED] ORDER GRANTING PLAINTIFF CHARLES R. KING'S MOTION TO CONSOLIDATE    RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on March 18, 2008, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system that will send notification of such a filing to the email addresses

4  denoted on the attached Electronic Mail Notice List for Case No. 3:07-cv-06140-MHP, and I hereby

5  certify that I have mailed the foregoing document via the United States Postal Service to the non-

6  CM/ECF participants indicated on the attached Manual Notice Lists for Case No. 5:08-cv-01133-

7  HRL and Case No. 5:08-cv-01132-PVT and 5:08-cv-01301-RS.

8      I certify under penalty of perjury under the laws of the United States of America that the

9  forgoing is true and correct. Executed on March 18, 2008.

10

11

12

13                                                          /s/Arthur L. Shingler III
                                                        ARTHUR L. SHINGLER III

14

15                                            SCOTT + SCOTT LLP
                                             600 B Street, Suite 1500
16                                            San Diego, CA 92101
                                             Tel.: (619) 233-4565
17                                            Fax: (619) 233-0508

18

19

20

21

22

23

24

25

26

27

28
                                                                                      - 5 -

1

## MANUAL MAILING LIST

2

3  Francis A. Bottini, Jr.                          Eran Rubinstein
   Derek J. Wilson                                  Susan Boltz Rubinstein
4  JOHNSON BOTTINI, LLP                             11 Grace Avenue
   655 West Broadway, Suite 1400                    Suite 306
   San Diego, CA  92101                             Great Neck, NY  11021
5

6  Nichole Browning                                 James H. Miller
   L. Timothy Fisher                                Eric L. Zagar
7  SCHIFFRIN BARROWAY TOPAZ &                       SCHRIFFRIN BARROWAY TOPAZ &
   KESSLER LLP                                      KESSLER,LLP
8  2125 Oak Grove Road                              280 King of Prussia Road
   Sutie 120                                        Radnor, PA  19087
   Walnut Creek, CA  94598

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

[PROPOSED] ORDER GRANTING PLAINTIFF CHARLES R. KING'S MOTION TO CONSOLIDATE    RELATED SHAREHOLDER
DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL