1  SCOTT + SCOTT LLP
   Arthur L. Shingler III (181719)
2  600 B Street, Suite 1500
   San Diego, CA 92101
3  Tel.: 619/233-4565
   Fax: 619/233-0508
4
   SCOTT + SCOTT LLP
5  David R. Scott
   108 Norwich Avenue
6  P.O. Box 192
   Colchester, CT 06415
7  Tel.: 860/537-5537
   Fax.: 860/537-4432
8

9  *Counsel for Plaintiff Charles R. King*

10

11                **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| CHARLES R. KING, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | Case No. C 07-cv-06347-MHP |
| Plaintiff, | **PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL** |
| vs. | |
| DOUGLAS G. BERGERON, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. (PETE) HART, ROBERT B. HENSKE, EITAN RAFF, CHARLES R. RINEHART, COLLIN E. ROCHE, CRAIG A. BONDY, and BARRY ZWARENSTEIN, | |
| Defendants, | Judge: The Hon. Marilyn H. Patel |
| -and- | Courtroom: 15 |
| VERIFONE HOLDINGS, INC., | **Hearing Date: April 28, 2008** |
| NOMINAL DEFENDANT. | **Hearing Time: 2:00 p.m.** |

| | | |
|---|---|---|
| 1 | ARTHUR HILBORN, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | Case No. C 08-cv-01132-PVT |
| 2 | | |
| 3 | | |
| 4 | Plaintiff, | |
| 5 | vs. | |
| 6 | DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and BARRY ZWARENSTEIN, | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | Defendants, | |
| 11 | -and- | |
| 12 | VERIFONE HOLDINGS, INC., | |
| 13 | NOMINAL DEFENDANT. | |
| 14 | | |
| 15 | ARUNBHAI PATEL, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | Case No. C 08-cv-01133-HRL |
| 16 | | |
| 17 | Plaintiff, | |
| 18 | vs. | |
| 19 | DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and BARRY ZWARENSTEIN, | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | Defendants, | |
| 24 | -and- | |
| 25 | VERIFONE HOLDINGS, INC., | |
| 26 | NOMINAL DEFENDANT. | |
| 27 | | |
| 28 | | |

PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

|   |   |
|---|---|
| MARY LEMMOND and WANDELL EVERETT, Derivatively on Behalf of VERIFONE HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS G. BERGERON, BARRY ZWARENSTEIN, JESSE ADAMS, ISAAC ANGEL, ELMORE WALLER, COLLIN E. ROCHE, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, EITAN RAFF, WILLIAM G. ATKINSON, CRAIG A. BONDY, GTCR GOLDER RAUNER, LLC, and DOES 1-25, inclusive, <br><br> Defendants, <br><br> -and- <br><br> VERIFONE HOLDINGS, INC., a Delaware Corporation <br><br> NOMINAL DEFENDANT. | Case No. C 08-cv-01301-RS |

Upon learning of VeriFone Holdings, Inc.'s ("VeriFone" or "Company") announced restatement of its previous three fiscal quarters caused by the directors' alleged gross dereliction of duties owed to shareholders in acquiescing in the materially misrepresented financial condition of the Company, Plaintiff Charles King ("King") promptly retained Scott + Scott LLP and filed a shareholder derivative action on behalf of VeriFone and its shareholders. Over ten weeks later, plaintiff Arunbhai Patel ("Patel") and plaintiffs Mary Lemmond and Wandell Everett (collectively, "Lemmond") filed tag-along actions based on the same factual allegations as King's complaint. Without any explanation for their delay, Patel and Lemmond boldly argue that they have been and will be more vigorous prosecutors of the derivative action than King, even though – in stark contrast to King – their apparent litigation strategy is to effectively stay the derivative action upon the filing of a consolidated amended complaint. Moreover, they inflate marginal differences in the current pleadings – all of which will be rendered moot by the filing of the consolidated amended complaint –

- 1 -

PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

in an effort to trump King's diligent prosecution of his earlier-filed action which has been adequately representing the interests of VeriFone's shareholders well before Patel's and Lemmond's actions were filed. Their arguments are without merit.

Because King's first-filed action fairly and adequately represents the interests of VeriFone shareholders and he has diligently prosecuted his action since filing, King should be appointed lead plaintiff and his counsel, Scott + Scott, should be appointed lead counsel.

## ARGUMENT

**I.    King Will Fairly Adequately Represent The Interests Of VeriFone's Shareholders.**

Rule 23.1(a) of the Federal Rules of Civil Procedure states that a lead plaintiff must "fairly and adequately represent the interests of the shareholders . . . in enforcing the rights of the corporation or association." Courts in this District consider the following factors in analyzing a plaintiff's fitness to be lead plaintiff: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment." *Brown v. Kelly*, No. C 06-04671 JW, 2006 WL 3411868, at *1 (N.D. Cal. Nov. 27, 2006). *See also Horn v. Raines,* 227 F.R.D. 1, 3 (D.D.C.2005); *Millman v. Brinkley,* 2004 WL 2284505, at *3 (N.D.Ga. Oct. 1, 2004).[1] As shown in his verified complaint, his motion to consolidate and in his declaration, King fulfills these factors and thus fairly and adequately represents the interests of VeriFone's sharholders. *See* King Compl., ¶ 11, King Mot. to Consolidate at 5-8, Declaration of Charles King ("King Decl."), ¶¶ 3-9.

**II.   King Should Be Appointed Lead Plaintiff And His Counsel, Scott + Scott, Should Be Appointed Lead Counsel.**

While the Ninth Circuit does not require the Court to appoint lead plaintiff (or lead counsel) in a derivative action, courts within this District and others have made such appointments to ensure orderly prosecution of the litigation. *See, e.g.*, *In re Foundry Networks, Inc. Derivative Litig.*, No.

---

[1]    *See also Lawson v. Dumke*, 900 F.2d 1363 (9th Cir. 1990) (citing additional factors a court may consider to determine whether the plaintiff is "adequate" under Rule 23.1).

- 2 -
PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

06 Civ 05598 RMW, 2007 WL 485974, at *1 (N.D. Cal. Feb. 12, 2007); *Quaco v. Balakrishnan*, No. 06 Civ 2811 MHP (Order Jan. 9, 2007) (attached as Ex. A to Decl. of Nichole T. Browning, Dkt. No. 25-2); *see also Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005) ("a leadership structure is necessary for an orderly litigation"). In this case – where two later filed actions seek to sidetrack and stall the litigation – the appointment of a lead plaintiff (and lead counsel) is appropriate to ensure the orderly and continued prosecution of the derivative litigation.

Under the factors typically considered by Courts in appointing lead plaintiffs, King should be appointed lead plaintiff and his counsel appointed lead counsel. *See* King Opp. at 5-7. In this case, King, after learning of VeriFone's announced restatement and breach of duties owed to shareholders, promptly retained counsel and brought suit months before any one else. It is undisputed that he filed months before Patel or Lemmond. *See Wright v. Krispy Kreme Doughnuts, Inc.*, 232 F.R.D. 528, 530 (M.D.N.C.2005) (appointing first filed); *Millman ex rel. Friedman's, Inc. v. Brinkley,* No. 1:03-CV-3831, 2004 WL 2284505, at *3 (N.D.Ga. October 01, 2004) (naming the plaintiffs who first filed their complaint lead plaintiffs). Moreover, since filing, King has been diligently and adequately prosecuting his action and representing the interests of VeriFone's shareholders. *See* Dkt. No. 6, 8-10, 15-16. In fact, King's diligent prosecution was sidetracked only by the filing of the other derivative actions, which made this motion practice necessary and mooted Defendants' original April 10, 2008 response date. The record before the Court also shows that King has a larger financial interest in this matter than the other plaintiffs. Finally, King's complaint served as the template for Patel's and Lemmond's actions. Accordingly, King should be appointed lead plaintiff and his counsel, Scott + Scott, appointed lead counsel.

- 3 -

### A. The Court Should Appoint King And His Counsel Over Lemmond And His Counsel.[2]

#### 1. All Related Actions Should Be Consolidated.

In an aggressive attempt to gain control of this litigation, Lemmond argues that this Court should dismiss King's action for failure to adequately allege subject matter jurisdiction. Lemmond Opp. at 7. Thus, while proclaiming to "fairly and adequately" represent the interests of their fellow shareholders and an ability to work cooperatively with all parties, Lemmond Opp. at 10, Lemmond seeks to have King's earlier-filed action dismissed. In fact, because this Court has subject matter jurisdiction over King's action, Lemmond's argument is without merit. Accordingly, all the derivative shareholder actions should be consolidated.[3]

King, a Florida citizen, has attested in his pleadings to the fact that subject matter jurisdiction exists because complete diversity exists between him and each defendant named in his complaint. King Compl. ¶9. While King's complaint itself may incompletely detail the alleged diversity jurisdiction, no party – other than Lemmond – is disputing this Court's jurisdiction over King's action. And given 28 U.S.C. § 1653's liberal policy toward amending technical defects in pleading jurisdiction, any perceived mistake will be corrected in the forthcoming consolidated complaint. *See*, *e.g.*, *Snell v. Cleveland, Inc.*, 316 F3d 822, (9th Cir. 2002) (permitting amendment even after final judgment where diversity existed).

Indeed, the only cases cited by Lemmond, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) and *Applebaum v. Mozilo et al.,* No. 07 Civ. 05567 (C.D. Cal. Oct. 25, 2007)

---

[2] Lemmond has combined his opposition to King and Patel's respective motions with a cross motion of his own seeking to consolidate cases and appoint lead counsel. *See* Dkt. No. 20, 22. To the extent Lemmond moves for his own appointment, his cross-motion appears to violate Civil L.R. 7-2(a), which requires any motion to comply with a 35-day notice period. *See, e.g.*, *Allmerica Financial Life Ins. and Annuity Co. v. Dalessio*, No. C-96-0385 VRW, 2006 WL 408538, at *1 (N.D. Cal., Feb. 20, 2006); *Sun Microsystems, Inc. v. Lema*, No. C 04-04968 JF, 2006 WL 278386, at *1 n.1 (N.D. Cal., Feb. 2, 2006.). Lemmond filed his opposition and cross motion on April 7, 2008, exactly 21 days before the scheduled hearing date. Lemmond's motion appears despite being served with both King's and Patel's motions filed on March 18 and 19, respectively.

[3] Patel agrees with King that all four shareholder derivative actions should be consolidated.

- 4 -

PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

are inapposite. In both those cases there was an actual – factual – problem with jurisdiction as opposed to a mere technical defect in pleading. Here, as in *Applebaum*, a review of several of the pleadings shows that none of the named defendants in the King action are alleged to be citizens of Florida. *See e.g.* Lemmond Compl., ¶¶ 12-27. Therefore, the King complaint should not be dismissed.[4]

### 2. Lemmond's "Cooperative" Efforts Do No Serve The Best Interests Of The Derivative Plaintiffs.

Lemmond cites their proposed Stipulation Regarding the Filing of Consolidated Amended Complaint and Defendants' Response Thereto (the "Stipulation") as proof of their diligent and cooperative prosecution of this action and, thus, why they – or at least their counsel – should be named leads in this case.[5] It is noteworthy that the Lemmond plaintiffs fail to even submit a declaration so that this Court can discern whether they meet the Rule 23.1 criteria. Moreover, Lemmond's representations regarding the negotiation of the Stipulation and its benefits to the derivate plaintiffs are erroneous.

Lemmond wrongly criticizes King's counsel for refusing to the sign the Stipulation. Lemmond Opp. at 10. Contrary to the representation made by Lemmond's counsel, *see id.*, King's counsel never agreed to the Stipulation. King's counsel only agreed to review the terms of the Stipulation. *See* Shingler Decl., ¶ 4-5, Ex. 1. Upon review of the Stipulation's terms, King's counsel rejected it – and for good reason.

---

[4] Moreover, the proper procedure for Lemmond to seek dismissal of King's action for lack of subject matter jurisdiction is by motion pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See, e.g., Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir.1987); *Kern County Farm Bureau v. Badgley*, No. 02-Civ.-5376, 2002 WL 34236869 (E.D.Cal. Oct. 10, 2002). Such a motion should be separately noticed in compliance with Civil L.R. 7-2(a) with 35 days from the hearing, which Lemmond has failed to do. Given the liberal policy toward amending technical defects in pleading jurisdiction, as set forth in 28 U.S.C. § 1653, such a motion would be unsuccessful. *See, e.g., Snell v. Cleveland, Inc.*, 316 F3d 822, (9th Cir. 2002) (permitting amendment even after final judgment where diversity existed).

[5] Lemmond's other "diligent" acts appear to simply be routine initial procedural items inherent in most derivative actions. Of course, Lemmond ignores the fact that King was undertaking the same tasks many weeks before Lemmond even filed a complaint.

- 5 -
PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

The Stipulation does not serve the best interests of the derivative plaintiffs. The Stipulation – which is now part of Lemmond's proposed order – requires derivative plaintiffs to file a consolidated amended complaint 45 days after the Court's ruling on the consolidation motions. The Stipulation, however, does not require Defendants to file a response until 30 days after this Court's ruling on the motion to dismiss *the securities case*. In other words, Lemmond (and Patel) have effectively agreed to stay this action pending the briefings in the securities case. Lemmond and Patel will not even brief Defendants' motion(s) to dismiss while the same motion(s) is being briefed in the securities' action. As advocated by counsel for Lemmond, all discovery would be stayed, even on issues that are not part of the securities case. In short, under the Stipulation, the derivative plaintiffs would derive no *quid pro quo* for granting a stay of indeterminate duration to the Defendants. Accordingly, from the perspective of King's counsel, the Stipulation does not benefit the prosecution of the derivative action and inhibits efforts to do so. Certainly the Stipulation touted by Lemmond as justification for appointing its counsel as lead counsel cannot be evidence of Lemmond and Patel's vigorous desire to prosecute the derivative action.

**3.     Lemmond's Counsel Is Unfit To Serve As Lead Counsel.**

King opposes the appointment of Lemmond's counsel, Johnson Bottini, LLP, as lead counsel because of Johnson Bottini's attempt to represent *both the putative securities class actions and the derivative actions at the same time*. Three months before Johnson Bottini filed Lemmond's action, on December 6, 2007, Johnson Bottini filed a putative federal securities class action against VeriFone and certain of its directors and/or officers in this Court. *See Vaughn v. VeriFone Holdings, Inc.*, No. 07 Civ 6197 MHP (C.D. Cal. Dec. 6, 2007). While they were still prosecuting the *Vaughn* action, Johnson Bottini filed Lemmond's derivative action. Only after the filing of the *Lemmond* action, did Johnson Bottini file a notice of voluntary dismissal *without prejudice* of the *Vaughn* action. *See In re VeriFone Holdings, Inc. Sec. Litig.*, No. 07 Civ 6140 MHP (C.D. Cal. March 7, 2008). Nevertheless, Johnson Bottini continues to this day to advertise on its website for persons to sign up and join their federal securities class action against VeriFone. *See* Shingler Decl., ¶ 6, Ex. 2.

- 6 -

PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

1  Johnson Bottini's actions call into question whether they have created a conflict of interest. *See, e.g.*, *Ryan v. Aetna Life Ins. Co.* 765 F.Supp. 133, 136-37 (S.D.N.Y. 1991) (conflict of interest for plaintiff to pursue both direct and derivative claims in a single action, "render[ing] him unable 'fairly and adequately [to] represent the interests of the shareholders' as required under Fed.R.Civ.P. 23.1."). *Cf. Dollens v. Zionts*, No. 01 Civ 5931, 2001 WL 1543524, at *4-5 (N.D. Ill. Dec. 4, 2001) (finding no conflict of interest under Court's rules where plaintiff's counsel was no longer attempting to pursue a securities action against nominal defendant).

Johnson Bottini's dubious and troublesome attempt to represent the corporation and its shareholders in a derivative action at the same time it is advertising for persons to sue the corporation in a putative securities class action undermines their ability to serve as lead counsel. Accordingly, this Court should not appoint Johnson Bottini as lead counsel.

### 4.  Lemmond's Complaint Does Not Evidence Higher Quality.

The Lemmond plaintiffs argue that they have filed a superior complaint to that of King or Patel because, among other reasons, they have included a claim under California Corporations Code §§ 25402 and 25403. Without much explanation, Lemmond argues King and Patel have excluded the "two most valuable claims." Lemmond also argues they have pled a better demand futility section and a broader relevant period of time than Patel (but not King).

Likewise, Lemmond's (and Patel's) complaint is subject to similar criticisms. For example, Lemmond's complaint contains a federal securities fraud claim under §10(b) of the 1934 Act and Rule 10b-5, which will subject it to a stay under the PSLRA. *See, e.g.*, *In re Marvell Technology Group Ltd. Derivative Litig.*, No. 06 Civ 03894, 2007 WL 1545194, at *3-4 (N.D. Cal. May 29, 2007) (holding the PSLRA's stay applies to derivative actions which included federal securities claims under the Securities and Exchange Act of 1934). Moreover, Lemmond's Sections 25402 and 25403 are subject to the heightened pleading standards of Rule 9(b). *See In re Verisign Derivative Litig.*, 531 F.Supp.2d 1173, 1221 (N.D. Cal. 2007).

The Eastern District of New York noted the following about these types of arguments set forth by plaintiffs competing for the lead plaintiff role:

- 7 -
PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

> Finally, all of the plaintiffs criticize each other pleadings for various other purported deficiencies, *e.g.*, not raising certain substantive certain substantive claims, or for using words and phrases that subject the pleadings to heightened scrutiny. I have considered each criticism and find that they are immaterial of who should be appointed lead counsel. At best the purported deficiencies show that each counsel views the case differently or has made tactical decisions on the best course for litigation. At worst, the criticisms show that *each* counsel has made mistakes in drafting their pleadings, thus amounting to nothing more than a wash. Nevertheless, and more importantly, none of the purported deficiencies in ... complaint are fatal, and can be cured when ... files a consolidated derivative complaint. [Original Emphasis]

*In re Comverse Technology, Inc. Derivative Litig.*, 06 Civ 1649, 2006 WL 3761986, at *4 (E.D.N.Y. Sept. 22, 2006) (footnote omitted) (emphasis in original). Because the criticisms by each competing plaintiff do not constitute fatal deficiencies, the Court should give them little weight in considering whether to appoint King over Lemmond or Patel.

**B.     The Court Should Appoint King And His Counsel Over Patel And His Counsel.**

In his brief in further support of his motion, Dkt. No. 24, Patel advances three arguments for why he should be appointed lead plaintiff in the consolidated derivative actions. First, Patel argues that, unlike himself, King has not submitted a sworn declaration with the Court demonstrating his adequacy as a lead plaintiff. Patel's Opp. at 6. Second, Patel argues that he has filed superior quality pleadings with the most recent allegations. Patel's Opp. at 7. Third, Patel argues that he is committed to vigorously leading this derivative litigation. Patel's Opp. at 8. Each of Patel's arguments is without merit and this Court should deny his motion.

Patel's first argument fails because, in his opposition to Patel's motion, King submitted a sworn declaration with the Court setting forth the reasons why he is an adequate lead plaintiff. *See* Dkt. 19, King Decl. In his complaint, King verified that at all relevant times he owned shares of VeriFone and that he would fairly and adequately represent the interests of VeriFone and its shareholders. King Compl. ¶11. Furthermore, in King's declaration he attests to holding 3,000 shares of VeriFone common stock and that he will continue to hold VeriFone shares throughout this litigation. King Decl., ¶¶ 3, 9. King's declaration also shows that he is actively involved in the management of his investment portfolio, understands and is prepared to take upon the

- 8 -

responsibilities of serving as a lead plaintiff, and has no disabling conflicts which would prevent him from serving as lead plaintiff. *Id*. at ¶¶ 5, 7-8.

Patel's cite to an order in *Quaco v. Balakrishnan*, No. 06 Civ 2811 (N.D. Cal. Jan. 9, 2007) is inapposite. In *Quaco*, the court had ordered the three plaintiffs to submit a declaration within 15 days of the hearing because the court determined it did not have adequate information about the plaintiffs. *Quaco* Order at 2. After one of the plaintiffs failed to timely file his declaration, the court concluded it was "left knowing next to nothing about his suitability as a plaintiff." *Id*. In contrast, King has submitted his declaration in advance of the hearing for the Court's consideration, demonstrating he is an adequate lead plaintiff under Rule 23.1. Lemmond, however, has not submitted a declaration in support of their motion to be appointed lead plaintiff and Patel's argument does apply to them.

In his second argument, Patel urges this Court to consider his filing of an amended complaint based upon VeriFone's April 2, 2008 announcements that the Company will be restating financial statements and that its CFO had resigned as evidence of the quality of his pleadings. Patel's Opp. at 7. However, the filing of the amended complaint was unnecessary because all parties in the derivative action agree that after the hearing on the consolidation motions, the Court should set a schedule for the filing of a consolidated amended complaint. Accordingly, Patel's amended complaint does not exhibit superior pleadings or vigorous prosecution, but gamesmanship in a lead plaintiff contest.

Finally, Patel argues that he has vigorously prosecuted his action through his initial procedural negotiations and filings. Patel's Opp. at 8. Patel ignores that King had undertaken the exact same procedural negotiations and filings well before Patel ever filed his complaint. *See e.g.* Dkt. No. 6 (Stipulation and [Proposed] Order for Waiver of Service of Summons as to All Defendants and as to Nominal Defendant VeriFone Holdings, Inc.) Indeed, Patel offers no explanation for why he waited over ten weeks after King to file his related action. Moreover, Patel's supposed vigorous prosecution is belied by the fact that he is in agreement with Lemmond's

- 9 -

PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED
SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO
PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

Stipulation to effectively stay this case after the filing of a consolidated amended complaint. *See*, *infra*, Sec. II.A.2.

### CONCLUSION

Because King fairly and adequately represents the interests of VeriFone's shareholders as shown by his diligent prosecution of his first-filed action, and sworn statement delinieating his understanding of the responsibilities of a lead plaintiff and his willingness to take them on, he should be appointed lead plaintiff and his counsel, Scott + Scott, whom this Court has noted, "ha[s] extensive experience in prosecuting shareholder derivative litigation arising out of illegal corporate activities." *Hacker v. Peterschmidt*, No. 06 Civ 03468, 2006 WL 2925683, at *5 (N.D.Cal. October 12, 2006) should be appointed lead counsel. Accordingly, King respectfully requests that the Court grant his motion, deny Patel's motion, deny Lemmond's motion and appoint him lead plaintiff for the consolidated derivative shareholder actions and Scott + Scott as lead counsel.

Dated:  April 14, 2008                                                  Respectfully submitted,

/s/ Arthur L. Shingler III
Arthur L. Shingler III
SCOTT + SCOTT, LLP
600 B Street, Suite 1500
San Diego, CA  92101
Telephone:  (619) 233-4565
Facsimile:  (610) 233-0508
Email: ashingler@scott-scott.com

David R. Scott
SCOTT + SCOTT, LLP
108 Norwich Avenue
P. O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:  (860) 537-4432
Email:  drscott@scott-scott.com

*Counsel for Derivative Plaintiff Charles R. King*

- 10 -
PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. The parties may access this filing through the court's CM/ECF System.

I certify under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Executed on April 14, 2008.

                                       /s/Arthur L. Shingler III
                                       ARTHUR L. SHINGLER III

SCOTT + SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508

- 11 -

PLAINTIFF CHARLES R. KING'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND IN OPPOSITION TO PLAINTIFFS LEMMOND AND EVERETT'S CROSS MOTION TO CONSOLIDATE CASES AND APPOINT LEAD COUNSEL