SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Nichole Browning (S.B.N. 251937)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Eric L. Zagar (S.B.N. 250519)
James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for [Proposed] Lead Plaintiff Arunbhai Patel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. KING, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS G. BERGERON, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. (PETE) HART, ROBERT B. HENSKE, EITAN RAFF, CHARLES R. RINEHART, COLLIN E. ROCHE, CRAIG A. BONDY, and BARRY ZWARENSTEIN, <br><br> Defendants, <br><br> And <br><br> VERIFONE HOLDINGS, INC., <br><br> Nominal Defendant. | **Case No.: 3:07-cv-06347-MHP** <br><br> **PLAINTIFF ARUNBHAI PATEL'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** <br><br> Judge: Hon. Marilyn H. Patel <br> Courtroom: 15 <br> Hearing Date: April 28, 2008 <br> Hearing Time: 2:00 p.m. |

1  *To be consolidated with:*

2  ARTHUR HILBORN, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC.,
3  

4            Plaintiff,                    **Case No.: 5:08-cv-01132-MPH**

5       v.

6  DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON,
7  CRAIG A. BONDY, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART,
8  ROBERT B. HENSKE, CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE
9  WALLER, and BARRY ZWARENSTEIN,

10           Defendants,

11      And

12  VERIFONE HOLDINGS, INC.,

13           Nominal Defendant.

14  ARUNBHAI PATEL, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS,
15  INC.,

16           Plaintiff,                    **Case No.: 5:08-cv-01133-MPH**

17       v.

18  DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON,
19  CRAIG A. BONDY, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART,
20  ROBERT B. HENSKE, CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE
21  WALLER, and BARRY ZWARENSTEIN,

22           Defendants,

23      And

24  VERIFONE HOLDINGS, INC.,

25           Nominal Defendant.

26
27
28

| | |
|---|---|
| MARY LEMMOND and WANDELL EVERETT, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS G. BERGERON, BARRY ZWARENSTEIN, JESSE ADAMS, ISAAC ANGEL, ELMORE WALLER, COLLIN E. ROCHE, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, EITAN RAFF, WILLIAM ATKINSON, CRAIG A. BONDY, GTCR GOLDER RAUNDER, LLC, and DOES 1-25, INCLUSIVE, <br><br> Defendants, <br><br> And <br><br> VERIFONE HOLDINGS, INC., <br><br> Nominal Defendant. | Case No.: 5:08-cv-01301-MPH |

Proposed Derivative Lead Plaintiff, Arunbhai Patel ("Mr. Patel"), respectfully submits this reply memorandum of law in further support of his motion to appoint Lead Plaintiff and approve his selection of Lead Counsel and in opposition to the motions filed by plaintiff Charles R. King ("King") and plaintiffs Mary Lemmond ("Lemmond") and Wandell Everett ("Everett") for their appointment as Lead Plaintiffs.

**I.     PRELIMINARY STATEMENT**

There are currently four derivative actions brought on behalf of Nominal Defendant VeriFone Holdings, Inc. ("VeriFone" or the "Company"), all of which arise from the same or substantially the same operative facts and involve the same or substantially the same defendants. On March 18, 2008, plaintiffs Mr. Patel and King filed competing motions for appointment as lead plaintiff and for appointment of their respective counsel as Lead Counsel.[1] On April 7, 2008, plaintiffs Lemmond and Everett belatedly filed a cross motion urging this Court only to appoint their counsel as lead counsel and *not* to appoint a lead plaintiff (as this Court has done in the past),

---

[1] Plaintiff Patel filed a corrected Notice of Motion and Motion to Consolidate Related Actions, Appoint Lead Plaintiff and Lead Counsel and Incorporated Memorandum of Points and Authorities in Support on March 19, 2008. Dkt. No. 5.

however, simultaneously requesting their appointment as Lead Plaintiffs in the likelihood that this Court follows its past precedent. *See* Cross Motion of Plaintiffs Lemmond and Everett to Consolidate Cases and Appoint Lead Counsel, and Opposition to Motions of Plaintiffs King and Patel ("Lemmond Motion") at 8-9. At this point it is clear that Mr. Patel is the only lead plaintiff movant able to adequately represent VeriFone in this litigation as he is the only movant who has fully complied with this Court's past directives by submitting an appropriate sworn declaration in support of his motion and, unlike the other two movants, he does not suffer from any fatal deficiencies which prevent his appointment as Lead Plaintiff. Realizing the superiority of Mr. Patel's motion, the other movants attempt to distract this Court away from their own deficiencies by lodging baseless arguments against Mr. Patel, all of which should be summarily rejected by this Court for the reasons stated herein. Accordingly, this Court should grant Mr. Patel's Motion and appoint Mr. Patel as Lead Plaintiff and his selected counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway"), as Lead Counsel.

## II. ARGUMENT

### A. Mr. Patel is The Best Suited Movant to Serve as Lead Plaintiff in This Derivative Litigation

As discussed in his opening Motion and in his opposition brief, Mr. Patel is the best suited shareholder to represent VeriFone as Lead Plaintiff in this derivative litigation as he is the movant who has submitted the highest quality pleadings, most vigorously prosecuted his action, and has selected qualified counsel, well-versed in prosecuting derivative actions in California and throughout the country. Indeed, Mr. Patel complied with this Court's prior precedent by filing a sworn declaration with his *initial* Motion, demonstrating his experience and ability to lead this litigation. Furthermore, Mr. Patel has demonstrated that he is dedicated to vigorously advancing the course of this litigation by filing an Amended Complaint to include allegations that are not contained in either the King or Lemmond/Everett complaints. Thus, Mr. Patel is exactly the type of shareholder who should be appointed as Lead Plaintiff to act on behalf of VeriFone.

#### 1. King Is Not an Adequate Lead Plaintiff Movant

King improperly challenges Mr. Patel's motion on several grounds. First, King erroneously

1 argues that he is automatically entitled to appointment as Lead Plaintiff simply because he owns a
2 greater number of VeriFone shares than Mr. Patel. *See* Plaintiff King's Opposition to Plaintiff
3 Patel's Motion to Appoint Lead Plaintiff and Lead Counsel ("King Opposition") at 5. Unlike a
4 securities class action in which the Court is obligated to apply the statutory requirements of the
5 Private Securities Litigation Reform Act of 1995 ("PSLRA") when appointing a lead plaintiff, this
6 is a shareholder derivative action, therefore, the PSLRA does not apply and the amount of stock
7 holdings is not a determinative factor to consider when appointing a lead plaintiff. *See Sollins v.*
8 *Alexander*, No. 601272/2006, at 8 (N.Y. Sup. Ct. July 13, 2006) (Order and Opinion)[2] (rejecting
9 lead plaintiff movant's argument that it was entitled the status as the presumptive lead plaintiff
10 finding that "the usage of the federal Private Securities Litigation Reform Act of 1995 ("PSLRA"),
11 while maybe persuasive, is inapposite to this action. That the plaintiffs are bringing causes of
12 action as derivative actions against the defendants, such suits are not within the scope of the
13 PSLRA.").

14 Further, the Delaware Chancery Court has specifically rejected King's same argument and
15 has stated that if a court does accord any weight to a plaintiff's stake in the defendant corporation
16 when selecting a lead plaintiff, it must compare the potential lead plaintiff's "relative economic
17 stakes. . . not simply economic stakes." *Wiehl v. Eon Labs*, 2005 Del. Ch. LEXIS 40, at *8-9 (Del.
18 Ch. 2005) (refusing to use lead plaintiff movant's economic stake as a factor when selecting a lead
19 plaintiff when the largest plaintiff owned only 0.065% of the defendant corporation's total
20 outstanding stating that "[i]ts stake is simply not large enough to demonstrate a substantial relative
21 difference that would require the court to give this factor great weight."). In order to compare
22 relative ownership, the Court must compare each Lead Plaintiff movant's total share ownership in
23 relation to the total number of VeriFone shares outstanding which is approximately 68,148,000
24 shares. Therefore, King's relative economic stake is .000044% compared to Mr. Patel's .000014%
25 – surely not significant enough to accord it any weight in selecting an appropriate Lead Plaintiff.
26 Indeed, courts have long recognized the importance of derivative litigation as affording a means of
27 redress by any shareholder, regardless of the number of shares of stock he or she owns in the

---

28 [2] Attached as Exhibit 1 to the Declaration of Nichole T. Browning ("Browning Decl.").

defendant corporation, in order to easily protect the corporation from its insiders. Rule 23.1 merely requires that the plaintiff, a shareholder at the time of the transaction complained of, "fairly and adequately represent the interests of the shareholders . . . similarly situated in enforcing the right of the corporation or association." Thus, any purported "greater" number of shares is irrelevant in the context of choosing a Lead Plaintiff, and this argument should be rejected.

Next, in an attempt to draw attention away from his own deficient, hastily-filed complaint, King challenges the quality of Mr. Patel's pleadings by falsely alleging that Mr. Patel used King's complaint as a "template" when drafting his own complaint. King Opposition at 5. King bases this serious accusation on the mere fact that both his complaint and Mr. Patel's complaint contain two paragraphs which are substantially similar. What King fails to tell this Court is that the two paragraphs that he accuses Mr. Patel of copying from his complaint are the same two paragraphs found in most derivative complaints as they set forth the fiduciary duty standards pursuant to Delaware law. Moreover, when compared, Mr. Patel's Amended Complaint is more comprehensive than King's complaint because, in addition to the allegations based on an April 2, 2008 VeriFone announcement that the Company did not maintain effective internal controls over financial reporting and that the Company's Chief Financial Officer (CFO) was abruptly resigning, Mr. Patel's Amended Complaint contains different insider sales information (Patel Amended Complaint ¶¶51-52 ; *see also,* Exhibit A to the Amended Complaint), as well as different defendants. *See* Patel Amended Complaint, ¶¶2, 8 -20, 28, 44-46. King's complaint contains ***none*** of these facts. Last, in contrast to King's deficient complaint, Mr. Patel's Amended Complaint ***properly*** alleges federal jurisdiction based on diversity jurisdiction. Patel Amended Complaint ¶¶4, 6. Therefore, it is clear that Mr. Patel did not use King's complaint as a "template" when drafting his complaint as King improperly suggests.[3]

---

[3] King also argues that he should be appointed as Lead Plaintiff because he was the first to file a complaint, however, the mere fact that King happened to file the first complaint is irrelevant – especially when he didn't even properly allege grounds for federal jurisdiction. *See, e.g., Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (the "first-filed factor typically becomes decisively important ***only when***: [] a consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker. . . .")(emphasis added). This transparent "race to the courthouse" mentality should be rejected by this Court.

In sum, beyond his purported "larger" stock holdings which are wholly irrelevant in the selection of a Lead Plaintiff in a derivative action, King's brief fails to provide **any** legitimate reasons why he is a more suitable Lead Plaintiff candidate than Mr. Patel. Accordingly, King's failure to properly allege federal jurisdiction coupled with his failure to update his complaint to add the April 2, 2008 VeriFone announcement demonstrates that Mr. Patel is more dedicated to advancing this litigation, and thus better suited to lead this litigation.

### 2. Lemmond and Everett Are Not Adequate Lead Plaintiff Movants

Plaintiffs Lemmond and Everett, who belatedly filed a complaint and belatedly moved for appointment as Lead Plaintiffs, largely seek to distinguish themselves from Mr. Patel by touting that their complaint is "the most detailed and comprehensive." Lemmond Motion at 3, 15-17. Lemmond and Everett argue that one of the reasons their complaint is more "comprehensive" is because it contains claims on behalf of VeriFone pursuant to the Cal. Corp. Code Sections 25402 and 25403, a claim not found in the Patel, Hillborn or King complaints. *Id.* at 17. This argument is without merit because Mr. Patel's failure to include these claims was not a mere oversight or a result of his counsel's lack of familiarity with California law, as Plaintiffs Lemmond and Everett wrongfully suggest. Rather, these claims were intentionally not alleged by Mr. Patel because such claims are potentially *not viable given the fact VeriFone did not have 500 shareholders of record at any point during the Relevant Period* – a requisite element in order to properly plead such a claim. *See* Cal Corp Code § 25502.5 (d) ("This section shall only apply to issuers who . . . have a class of equity security **held of record by 500 or more persons**) (emphasis added). Regardless, such tactical differences or other perceived "deficiencies" in Mr. Patel's Complaint are immaterial to the Court's determination of who should be appointed Lead Plaintiff. *See In re Comverse Tech., Inc. Derivative Litig*., No. 06-1849, slip op. at 9 (E.D.N.Y. Sept. 22, 2006) (Reyes, J.)[4] (finding differences in claims asserted as a non-factor in the appointment of lead plaintiff and lead counsel). Since all claims arise out of the same operative set of facts and course of conduct, any differences in tactics or litigation strategies (*e.g.,* asserting different claims or naming different defendants) can be remedied at a later juncture by the filing of an amended pleading, if necessary. Moreover, while

---

[4] Attached as Exhibit 2 to Browning Decl.

Lemmond and Everett tout the purported "comprehensiveness" of their complaint, this allegedly "superior" complaint does ***not*** contain allegations regarding the Company's April 2, 2008 announcement that the Company did not maintain effective internal controls over financial reporting and that the CFO was resigning. *See* Patel Amended Complaint ¶¶ 2, 20, 28, 44-46.[5] Lemmond and Everett even acknowledge these relevant facts occurred ***subsequent*** to their belated filing of their complaint, but they apparently made ***no effort*** to update their Complaint to include these admittedly "important" facts. Lemmond Motion at 17-18.[6]

Last, and, most importantly, Lemmond and Everett's motion is fatally deficient as they have completely failed to submit sworn declarations that demonstrate that they have the ability to effectively lead this litigation. Indeed, despite this Court's clear directives in the past when selecting a Lead Plaintiff, Lemmond and Everett have failed to provide this Court with any background information about themselves, including how many shares of VeriFone stock they hold, how they plan on coordinating their efforts to supervise counsel, whether they have a pre-existing relationship, and whether they intend on holding their VeriFone stock through the duration of this litigation. Based on these noticeably absent facts from their motion, this Court is left knowing next to nothing about their suitability as Lead Plaintiffs.

Thus, the record is clear that Mr. Patel is the ***only*** movant that has effectively demonstrated that he is well-qualified and best positioned to lead this litigation.

**B.     Schiffrin Barroway Should be Appointed as Lead Counsel**

As discussed in Mr. Patel's Motion, the qualifications and experience of Mr. Patel's chosen counsel, Schiffrin Barroway, are beyond reproach. Schiffrin Barroway has extensive experience in complex litigation in the derivative, securities fraud and corporate fiduciary contexts. Schiffrin Barroway has a long and proven track record of successfully prosecuting complex shareholder

---

[5]     Lemmond and Everett also tout the fact that they conferred with defense counsel for VeriFone and drafted a stipulation. Lemmond Motion at 3. However, Patel's counsel has also conferred with defense counsel and also reviewed and approved the stipulation.

[6]     In contrast, Mr. Patel promptly filed an Amended Complaint to include additional allegations based on the Company's April 2, 2008 announcement. *See* Dkt. No. 6.

actions, like this one, in both state and federal courts across the country, including serving in a leadership capacity in numerous derivative cases in the State of California.

In light of the foregoing, Schiffrin Barroway is certainly as qualified as Lemmond and Everett's counsel, Johnson Bottini, to serve as Lead Counsel in this matter. However, Lemmond and Everett seek to distinguish themselves by trumpeting the fact that they have retained "California-based" counsel which allegedly possesses a superior knowledge of California law. *See* Lemmond Motion at 11-15. Lemmond and Everett's counsel even suggests that this Court should disregard Schiffrin Barroway's proven track record of success in shareholder derivative actions in California and, instead, base its selection of Lead Counsel upon the location of counsel's "headquarters." Lemmond Motion at 18. Lemmond's counsel has apparently overlooked the fact that Schiffrin Barroway has four (4) California-admitted attorneys based in a Walnut Creek, California office. *See* Schiffrin Barroway's Firm Resume, attached as Exhibit 2 to the Declaration of Nichole T. Browning in support of the Patel Motion. Moreover, the critical question is not where counsel is located but whether the lawyers *actually working on the case* have sufficient resources and experience to manage the case efficiently and expeditiously to a successful conclusion. Such an argument regarding a "local presence" ignores not only the advent of electronic filing and the capabilities and qualifications of the Mr. Patel's counsel, discussed above, but also the successful results achieved by Schiffrin Barroway in California litigation, as well as in other complex shareholder actions across the country. Accordingly, in light of their extensive record of success in shareholder litigation, their expertise in shareholder derivative litigation, and their vigorous, high-quality prosecution of this action, the Court should appoint Mr. Patel's chosen counsel, Schiffrin Barroway, as Lead Counsel.

### III. <u>CONCLUSION</u>

For the reasons stated above, Mr. Patel respectfully requests that this Court (a) consolidate the related actions; (b) appoint him as Lead Plaintiff; and (c) approve his chosen counsel, Schiffrin Barroway, as Lead Counsel in the action.

Dated: April 14, 2008

                                                Respectfully submitted,

                                                /s/

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Nichole Browning (S.B.N. 251937)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Eric L. Zagar (S.B.N. 250519)
Lee D. Rudy
James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Proposed Lead Counsel*